IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JENNIFER M. SHARO,<br><br>     Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br>     Defendant. | MEMORANDUM DECISION AND ORDER REVERSING AND REMANDING THE DECSION OF COMMISSIONER<br><br>Case No. 2:13-cv-667-BCW<br><br>Magistrate Judge Brooke Wells |

All parties have consented to having United States Magistrate Judge Brooke C. Wells conduct all proceedings in this case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1]

Plaintiff Jennifer M. Sharo ("Plaintiff") seeks judicial review of the determination of the Commission of the Social Security Administration that denied her application for Social Security Disability and Disability Insurance Benefits. After careful consideration of the written briefs and the administrative record, the Court has determined that oral argument is unnecessary and issues the following Memorandum Decision and Order REVERSING and REMANDING the decision of the Commissioner.

## BACKGROUND

A. **Procedural History**

Plaintiff, Jennifer M. Sharo, who was born on February 8, 1956,[2] filed an application for Disability and Disability Insurance Benefits on February 10, 2010.[3] Plaintif alleges an onset date of disability of April 15, 2005.[4] Plaintiff meets the insured requirements through June 30, 2008.[5]

---

[1] See 28 U.S.C. § 636(c); F.R.C.P. 73; docket no. 15.

Plaintiff contends she is disabled due to "cervical disc disease status post anterior cervical discectomy and fusion, lumbar disc disease status post discectomy and fusion, and traumatic osteoarthritis as a result of a left foot crush injury."[6] Plaintiff's disability claim was initially denied on May 21, 2010, and upon reconsideration on June 3, 2010.[7] On October 6, 2010, Plaintiff requested an administrative hearing.[8] On September 21, 2011 a hearing was held in Plaintiff's case before and Administrative Law Judge ("ALJ").[9]

On November 9, 2011, the ALJ issued a partially favorable decision regarding Plaintiff's claims for benefits.[10] That decision was amended by the ALJ on November 17, 2011 to reflect an error made with regard to Plaintiff's Date Last Insured. The subsequent November 17, 2011 decision denied Plaintiff's claims for benefits entirely.[11] Plaintiff then appealed this denial of benefits to the Social Security Appeals Council which denied a review of the ALJ's decision on June 17, 2013.[12] Thus, the ALJ's November 17th decision is the final decision of the Commissioner for purposes of judicial review.[13]

**B. Hearing before the ALJ-September 21, 2011.**

At the hearing before the ALJ, testimony was received from Plaintiff, Plaintiff's Attorney, Andrew J. Reichardt, medical expert, Sterling E. Moore, M.D., and vocational expert Dina Galli.[14]

---

[2] Administrative Record, docket no. 10 at 71 [hereinafter referred to as "Tr."]
[3] Tr. at 70.
[4] Tr. at 199.
[5] Tr. at 32.
[6] Opening Br., docket no. 17 at p. 2.
[7] Tr. at 97, 102, 109.
[8] Tr. at 107.
[9] Tr. at 141.
[10] Tr. at 51-61.
[11] Plaintiff indicates in a footnote to her Opening Brief that she does not challenge the ALJ's recalculation of Plaintiff's Date Last Insured so only the amended decision is at issue before this Court. See fn. 1, docket no. 17.
[12] Tr. at 1.
[13] See 42 U.S.C. § 405(g); 20 C.F.R. § 404.971.
[14] Tr. at 68.

Plaintiff's counsel testified that Plaintiff worked after her date of last insured but this employment did not rise to the level of substantial gainful activity.[15] Plaintiff's counsel also argued that under the listings and grid rules if Plaintiff was found to be able to work only at a sedentary level, then she would be found disabled.[16]

Next, Plaintiff testified she lives with her husband and some roommates.[17] Plaintiff testified she graduated from high school and that her most recent job was part-time, four hours a day, five days a week, cleaning a credit union.[18] Plaintiff is currently taking Percocet, Soma, Ambien CR and a stomach pill.[19] Plaintiff testified that these medications made her "very tired."[20] Plaintiff further testified that she has difficulty walking up and down stairs and on uneven ground due to her impairments.[21]

The ALJ then heard testimony from the medical expert, Dr. Moore. Dr. Moore chronicled Plaintiff's medical history and opined that Plaintiff's impairments meet the light work requirements during the relevant time period. However, Plaintiff does not meet the requirements for sedentary work until after the date Plaintiff was last insured.[22] As to restrictions with regard to Plaintiff standing and walking, the ALJ and Dr. Moore had the following exchange:

> ALJ: …with the light work that you opined she was—would have been able to do prior to January 1, 2009, would there be any restrictions as far as standing and walking?
> A: Judge, there's not enough in there to say. I think there would be. I don't— I think that she could have, you know, stand/walk at six hours, but I think she would have needed the ability to change positions. Probably either standing or sitting every 30 minutes for 1 to 2 minutes each time because,

---

[15] Tr. at 72.
[16] Id.
[17] Tr. at 73.
[18] Tr. at 73-76.
[19] Tr. at 76.
[20] Id.
[21] Tr. at 76-77.
[22] Tr. at 81-82.

clearly, she was having some pain and that break in the positions tends to offer some relief.[23]

Lastly, the ALJ heard testimony from vocational expert, Dina Galli. Ms. Galli testified that in the past Plaintiff had been mainly employed in two jobs—a waitress, which is a light sem-skilled job and as a cook, which is a medium skilled job.[24] The ALJ and Ms. Galli then had the following exchange that is relevant for purposes of this appeal:

> ALJ: But if the Claimant were limited to less than a full range of light work; she would need a sit/stand option; would not be able to climb ropes, ladders or scaffolds and the other postural limitations, crawling, stooping, et cetera would be occasional, would she be able to do either her job as a waitress or a short-order cook?
> A: No, Your honor.
> Q: Could you give me two light jobs that she would be able to do?
> A: Light jobs that allow for the sit/stand option would be those such as a ticket seller. That's DOT number 211.467.030. It is light and unskilled. There are approximately 25,000 in the national economy, but I would make a 30 percent reduction for the sit/stand option. Another possibility would be a job such as parking lot attendant. It's light and unskilled. There are approximately 30,000 in the national economy and I would make the same 30 percent reduction.
> Q. And if—would there be any transferable skills to sedentary work?
> A: No, Your Honor.[25]

### C. The ALJ's Decision

The ALJ found at Step One of the required sequential evaluation process[26] that Plaintiff had not engaged in substantial gainful activity since April 15, 2005, the alleged onset date through the date that Plaintiff was last insured, June 30, 2008.[27] At Step Two, the ALJ found Plaintiff had the following severe impairments: (1) degenerative disc disease of the lumbar and cervical spine status post fusion; (2) crushed foot injury status post-surgery; and (3) degenerative

---

[23] Tr. at 82.
[24] Tr. at 85.
[25] Tr. 86-87.
[26] See Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005)(explaining the five-step evaluation process for determining if a claimant is disabled).
[27] Tr. at 32.

joint disease of the left foot.[28] At Step Three, the ALJ found that through the date Plaintiff was last insured, she did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments contained within the regulations.[29]

Next, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work with the following additional limitations:

- The claimant must have the option to alternate positions from sitting to standing at will (the sit/stand option)'
- The claimant must never climb ladders, ropes or scaffolds;
- The claimant is limited to occasional climbing of ramps and stairs, stooping, kneeling, crouching and crawling.[30]

At Step Four, the ALJ found Plaintiff had past relevant work as a waitress and cook.[31] However, based upon the testimony of the vocational expert, the ALJ found Plaintiff was unable to perform her past relevant work because these positions do not allow an individual to sit or stand at will.[32] After considering Plaintiff's "age, education, work experience, and residual functional capacity," the ALJ found "there were jobs in that existed in significant numbers in the national economy that the claimant could have performed" through her date of last insured.[33] Namely, the ALJ found Plaintiff could work as a "Ticker Seller" and "Parking Lot Attendant."[34] Therefore, the ALJ found Plaintiff was not disabled within the meaning of the Social Security Act.[35]

---

[28] Tr. at 33.
[29] Id.
[30] Tr. at 34.
[31] Tr. at 39.
[32] Id.
[33] Tr. at 39.
[34] Tr. at 40.
[35] Id.

## STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to determining whether his findings are supported by "substantial evidence" and whether the correct legal standards were applied.[36] If supported by substantial evidence, the findings are conclusive and must be affirmed.[37] "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[38] Thus, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence."[39] Moreover, a decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record."[40]

Additionally, the ALJ is required to consider all of the evidence; however, the ALJ is not required to discuss all evidence.[41] In its review, the Court should evaluate the record as a whole, including that evidence before the ALJ that detracts from the weight of the ALJ's decision.[42] However, a reviewing Court should not re-weigh the evidence or substitute its own judgment for that of the ALJ's.[43] Further, the Court "…may not 'displace the agenc[y]'s choice between two fairly conflicting views, even though the Court would justifiably have made a different choice had the matter been before it de novo."[44] Lastly, "[t]he failure to apply the correct legal standard[s] or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[45]

---

[36] Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); Ruthledge v. Apfel, 230 F.3d 1172, 1174 (10th Cir. 2000); Glenn v. Shalala, 21 F.3d 983 (10th Cir. 1993).
[37] Richardson v. Perales, 402 U.S. 389, 401 (1981).
[38] Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996).
[39] Zolanski v. FAA, 372 F.3d 1195, 1200 (10th Cir. 2000).
[40] Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009)(internal citation omitted).
[41] Id. at 1066.
[42] Shepherd v. Apfel, 184 F.3d 1196, 1199 (10th Cir. 1999).
[43] Qualls v. Apfel, 206 F.3d 1368, 1371 (10th Cir. 2000).
[44] Lax, 489 F.3d at 1084 (quoting Zoltanski, 372 F.3d at 1200).
[45] Jensen v. Barnhart, 436 F.3d 1163, 1165 (10th Cir. 2005)(internal citations omitted).

In applying these standards, the Court has considered the Administrative Record, relevant legal authority, and the parties' briefs and arguments. The Court deems oral argument to be unnecessary, and finds as follows:

## **ANALYSIS**

Plaintiff raises one issue upon appeal. Plaintiff argues that the ALJ's Determination at Step Five of the analysis in which he opined Plaintiff could perform jobs existing in significant numbers in the national economy is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ erred by adopting a RFC that differs from the hypothetical questions posed to the vocational expert at the hearing.

At Step Five of the sequential evaluation process, the burden of proof shifts to the Commissioner, and the ALJ must determine "whether the claimant has the [RFC]…to perform other work in the national economy in view of [her] age, education, and work experience."[46] If it is determined that the claimant "can make an adjustment to other work, [she] is not disabled."[47] Further, "[t]estimony elicited from a vocational expert by hypothetical questions…must 'relate with precision all of a claimant's impairments.'[48] Otherwise, the testimony cannot constitute substantial evidence to support an ALJ's decision."[49]

Here, in the ALJ's RFC assessment, he found Plaintiff "must have the option to alternate positions from sitting to standing at will (the sit/stand option)."[50] Plaintiff argues that the hypothetical posed to the Vocational Expert at the administrative hearing did not contain the "at will" option. Therefore, the ALJ erred in adopting the opinion of the Vocational Expert because

---

[46] Williams v. Bowen, 844 F.2d 748, 751 (10th Cir. 1998); see 20 C.F.R. § 404.1520(a)(4)(v), 416.920(a)(4)(v).
[47] Id.
[48] Armijo v. Colvin, No: 2:12-cv-330-BCW, 2013 WL 1870590, at *4 (May 3, 2013)(unpublished)(citing Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991).
[49] Id. (citing Ekeland v. Bowen, 899 F.2d 719, 724 (8th Cir. 1990).
[50] Tr. at 34.

7

the ALJ's hypothetical did not "relate with precision" all of Plaintiff's limitations.[51]  In response, Defendant argues that the ALJ's failure to specifically state in his hypothetical to the Vocational Expert that Plaintiff must be able to sit/stand at will adequately described Plaintiff's RFC because the ALJ was using the terms "sit/stand option" and "at will" interchangeably.  Moreover, Defendant argues that the hypothetical question adequately expressed Plaintiff's need to change positions.

Upon review and consideration, the Court agrees with the arguments set forth by Plaintiff.  Specifically, the Court finds Plaintiff's arguments with regard to SSR 83-12 have merit.  As demonstrated by Plaintiff, SSR 83-12 provides:

> In some disability claims, the medical facts lead to an assessment of RFC which compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing. The individual may be able to sit for time, but must then get up and stand or walk for awhile before returning to sitting. Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking contemplated for most light work. (Persons who can adjust to any need to vary sitting and standing by doing so at breaks, lunch periods, etc., would still be able to perform a defined range of work.)
>
> There are some jobs in the national economy -- typically professional and managerial ones -- in which a person can sit or stand with a degree of choice. If an individual had such a job and is still capable of performing it, or is capable of transferring work skills to such jobs, he or she would not be found disabled. However, must jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task. Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit or stand, a [vocational specialist] should be consulted to clarify the implications for the occupational base.[52]

Therefore, this lead Social Security Regulation leads to the conclusion that in this case, if the ALJ truly meant for Plaintiff to have the "at will" sit/stand option, that should have been

---

[51] See Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991)(internal quotations and citation omitted).
[52] SSR 83-12.

articulated to the vocational expert in a hypothetical because it is a special circumstance. Because the "at will" language was not in the ALJ's hypothetical to the vocational expert and the implications of that such a statement to the vocational expert are unknown, the Court cannot conclusively find that the ALJ's decision is free from legal error and based upon substantial evidence.

Accordingly, the Court finds the ALJ did not apply the correct legal standard[s] or provide this court with a sufficient basis to determine that appropriate legal principles have been followed.[53] Thus, the ALJ's decision must be reversed on this basis.

## **CONCLUSION AND ORDER**

For the foregoing reasons, the Court finds Plaintiff's arguments regarding the lack of precision between the ALJ's hypothetical to the vocational expert and the written decision have merit and warrant remand for further proceedings to clarify the ALJ's intent. Therefore, IT IS HEREBY ORDERED that the Commissioner's decision is REVERSED AND REMANDED for further proceedings with special instructions to reevaluate whether jobs exist in significant numbers in the national economy that Plaintiff can perform at Step Five of the sequential evaluation.

DATED this 5 June 2014.

Brooke C. Wells
United States Magistrate Judge

---

[53]